# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

| | |
|---|---|
| GERALD HAMILTON, and ELIZABETH HAMILTON<br><br>Plaintiffs,<br><br>v.<br><br>MEB REAL ESTATE MANAGEMENT, INC., SALT SPRINGS VILLAGE, LLC ROGER ST. MARTIN, and CAROL ST. MARTIN<br><br>Defendants. | Case No. |

## COMPLAINT
## AND DEMAND FOR JURY TRIAL

## PRELIMINARY STATEMENT

1. Plaintiffs GERALD HAMILTON AND ELIZABETH HAMILTON ("Plaintiffs"), bring this action to challenge unlawful housing discrimination under the Fair Housing Act and the Florida Fair Housing Act against MEB REAL ESTATE MANAGEMENT, INC. SALT SPRINGS VILLAGE, LLC, ROGER ST. MARTIN, and CAROL ST. MARTIN (Defendants). This case arises from Defendants' refusal to rent a residential lot to Plaintiffs based on their race, imposing inconsistent rental criteria and applying discriminatory housing

practices that denied Plaintiffs equal housing opportunities.

2. Under federal and state law, housing providers are prohibited from refusing to rent or otherwise making housing unavailable based on race. Defendants knowingly and intentionally denied Plaintiffs' rental application while approving similarly situated white applicants with equal or lower qualifications. Despite meeting the stated rental criteria, Plaintiffs were subjected to arbitrary denials, misleading justifications, and unequal treatment in direct violation of the protections afforded under the Fair Housing Act and Florida Fair Housing Act.

3. Defendants' refusal to rent to Plaintiffs, along with their application of inconsistent screening standards, is a violation of the Fair Housing Act, which prohibits discrimination in housing transactions. By rejecting Plaintiffs' rental application while approving less-qualified white applicants, Defendants engaged in unlawful race-based discrimination, depriving the Plaintiffs of their right to fair housing.

4. The Florida Commission on Human Relations ("FCHR") conducted an investigation and found reasonable cause to believe that Defendants engaged in discriminatory housing practices. The investigation revealed that Defendants imposed racially biased rental decisions, denied Plaintiffs equal access to

housing, and failed to provide a consistent and transparent application process.

5. Plaintiffs seek declaratory relief, an injunction preventing Defendants from continuing discriminatory practices, and damages for the emotional and financial harm suffered due to Defendants' violations. Plaintiffs further seek punitive damages to deter Defendants and other landlords from engaging in similar misconduct in the future.

## JURISDICTION

6. This Court has original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 (federal question) based on a claim under the Fair Housing Act 42 U.S.C. § 3613 (Fair Housing).

7. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367, over Plaintiffs' claims under the Florida Fair Housing Act, §760.20, *et. seq.*

## VENUE

8. Venue is proper in the Middle District of Florida, Ocala Division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events upon which the Complaint is based arose in the District, and Defendants conduct business there.

## PARTIES

9. Plaintiffs, GERALD HAMILTON and ELIZABETH HAMILTON are residents of the State of Florida.

10. Defendant, SALT SPRINGS VILLAGE, LLC, ("SALT SPRINGS VILLAGE") is a Florida Limited Liability Company doing business as a landlord in Marion County, Florida.

11. SALT SPRINGS VILLAGE is a registered business in the State of Florida and is authorized to conduct business in the State of Florida.

12. SALT SPRINGS VILLAGE's principal place of business is located at 13665 N.E. 253rd Court, Salt Springs, Florida 32134.

13. SALT SPRINGS VILLAGE owns the property known as Salt Springs Village (the "Property") located at 25271 NE 137th Place Lot C15, Salt Springs, Florida 32134.

14. Defendant, MEB REAL ESTATE MANAGEMENT, INC. ("MEB REAL ESTATE MANAGEMENT") is a Florida for Profit Corporation doing business as a property manager in Marion County, Florida.

15. Defendant MEB REAL ESTATE MANAGEMENT is a registered business in the State of Florida and is authorized to conduct business in the State of Florida. MEB REAL ESTATE's principal place of business is located at 2113 Everglades Lane, Suite #137, The Villages, FL 32613.

16. Defendant MEB REAL ESTATE MANAGEMENT manages the Property on behalf of SALT SPRINGS VILLAGE and serves as SALT SPRINGS VILLAGE's agent.

17. Defendants ROGER ST. MARTIN and CAROL ST. MARTIN are employees of SALT SPRINGS VILLAGE and MEB REAL ESTATE MANAGEMENT. Defendant ROGER ST. MARTIN is the Sales Agent of MEB REAL ESTATE. Defendant Carol ST. MARTIN is the Sales Agent of MEB REAL ESTATE.

18. SALT SPRING VILLAGE, MEB REAL ESTATE, ROGER ST. MARTIN, and CAROL ST. MARTIN are collectively referred to as "Defendants" herein.

## STATUTORY AND REGULATORY FRAMEWORK

19. Under Title VIII of the Civil Rights Act of 1968 ("the Fair Housing Act"), 42 U.S.C. § 3601 *et seq.*, as amended by the Fair Housing Amendments Act of 1988, it is unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services of facilities connection therewith because of race, color, religion, sex, disability, familial status, or national origin. 42 U.S.C. § 3604(b).

20. The Florida Fair Housing Act, Florida Statute 760.23(2) closely

mirrors the Federal Fair Housing Act stating "it is unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, national origin, sex disability, familial status, or national origin."

## FACTS

21. Plaintiffs, ELIZABETH HAMILTON and GERALD HAMILTON are a Black/African American couple seeking housing in Salt Springs Village, a residential community owned and managed by Defendants.

22. On July 5, 2021, Plaintiffs visited SALT SPRING VILLAGE to view a lot for rental. They met with Defendants ROGER ST. MARTIN and CAROL ST. MARTIN.

23. On July 6, 2021, Plaintiffs returned to the SALT SPRINGS VILLAGE property to inquire further about the rental process and met with Defendants ST. MARTIN.

24. On July 6, 2021, during the visit, Plaintiffs were provided with a rent disclosure statement, which outlined the lot number, monthly rental fees, and instructions for making payment by Defendants ST. MARTIN. The disclosure statement did not include any indication of a minimum required credit score for

approval.

26. Defendants ST. MARTIN represented to Plaintiffs during the interaction that the only requirement for approval was a credit score of approximately 600-620. Relying on this representation, Plaintiffs submitted their rental application on the same day.

27. At the time of the submission of the application the Plaintiffs combined credit score of 598.5.

28. On July 27, 2021, Plaintiffs were informed by Defendants that their rental application had been denied. Defendants stated that the denial was due to issues with Plaintiffs' credit score.

29. On August 8, 2021, Plaintiffs received an official denial letter dated July 15, 2021. The July 15, 2021 letter stated that Defendants had decided not to enter into a land lease agreement with Plaintiffs based on information contained in a consumer report. However, the letter failed to provide any specific details regarding the contents of the consumer report that led to the denial.

30. Defendants' failure to adequately explain the basis for their decision, combined with the conflicting information provided during the application process, has caused Plaintiffs significant confusion, frustration, and harm.

### *Analysis Determination Findings of the Florida Commission on Human Relations*

31. On July 7, 2022, Plaintiffs filed a complaint (attached as "Exhibit A") with the United States Department of Housing and Urban Development ("HUD") alleging discriminatory practices in the rental process by Defendants. The complaint was filed as HUD No. 04-23-4035-8; FCHR No. 202336801. HUD assigned the matter to the Florida Commission on Human Relations ("FCHR") to investigate.

32. Pursuant to 42 U.S.C. §3613(a)(1)(B), the two year-statue of limitations to file a lawsuit under the Fair Housing Act is tolled during the pendency of an administrative proceeding concerning a complaint or charge related to a discriminatory practice. This provision ensures that the time spent pursuing administrative remedies does not diminish the period available for filing a civil action. Accordingly, the time during which the FCHR investigated Plaintiffs complaint is excluded from the computation of the two-year period for filing this lawsuit.

33. On November 8, 2024, FCHR filed and served a Notice of Determination finding that Defendants applied inconsistent rental criteria, approving less-qualified Caucasian applicants while denying Black applicants,

including Plaintiffs.

34. FCHR found Defendants' discriminatory practices violated Section 760.23(2) of the Florida Fair Housing Act by denying the Plaintiffs' application for housing based on race.

35. FCHR's investigation also found that a Caucasian applicant with similar qualifications and a lower credit score than the Plaintiffs was approved for housing by Defendants.

36. FCHR's investigation found that Defendants inconsistently applied their credit score requirement. Plaintiffs were denied primarily due to an insufficient combined credit score of 598.5 which was below the 620 threshold. However, FCHR found documentation showing that there was another Causacian applicant who was approved in April 2021 despite having a lower credit score of 592 compared to Plaintiffs.

37. Plaintiffs were the only applicants denied housing by Defendants in 2021, during which Defendants received 23 applications for residency between February and December.

38. Defendants used two separate consumer reporting agencies to screen applicants without providing justification. FCHR found this practice employed by Defendants to lack consistency and transparency.

39. Defendants claimed they denied Plaintiffs' application due to negative feedback from Plaintiffs' prior landlord, who cited property maintenance issues and because of this the prior landlord chose not to renew the Plaintiffs' tenancy.

40. FCHR determined that Defendants' guidelines, as set forth in the Salt Springs Village Mobile Park Approval Guidelines, do not include landlord references as a criterion for eligibility.

41. The guidelines only require that applicants have no history of eviction or foreclosure. Plaintiffs have no such history.

42. FCHR found cause to hold that Defendants engaged in discriminatory housing practices, violating Section 760.23(2), Florida Statutes. FCHR's conclusion was based on Defendants' inconsistent application of evaluation criteria and their knowledge of Plaintiffs' protected class.

43. On November 22, 2024 Plaintiffs submitted an Election of Rights Form (attached as "Exhibit B") for Housing Discrimination Complaints to FCHR, formally electing to pursue judicial relief in lieu of continued administrative proceedings. Plaintiffs' withdrew their Complaint from FCHR and now bring this action before the Court to seek appropriate legal remedies.

## CLAIM FOR RELIEF

## COUNT I
## REFUSAL TO SEEL OR RENT/OTHERWISE DENY OR MAKE HOUSING UNAVAILABLE
*42 U.S.C. §3604(b)*

44. Paragraph 1 through 43 are incorporated herein as if fully set forth.

45. Defendants had actual knowledge of Plaintiffs' racial background. Plaintiffs submitted their application on July 13, 2021 accompanied by photocopies of each applicant's photo ID. Plaintiffs provided their photo identification as part of their rental application, and Defendants personally interacted with them on multiple occassions.

46. According to the investigation conducted by FCHR, Defendants did not consistently apply the same requirements to other applicants.

47. The investigation found that Defendants inconsistently applied their credit score requirement. Plaintiffs were denied primarily due to an insufficient combined credit score of 598.5 which was below the 620 threshold. However, FCHR found documentation showing that there was another Causacian applicant who was approved in April 2021 despite having a lower credit score of 592 compared to Plaintiffs.

48. The investigation from FCHR confirmed that Defendants refused to

11

rent to Plaintiffs. A denial letter dated July 15, 2021 informed Plaintiffs that their application for a land lease agreement had been declined. The decision, according to Defendants, was influenced by the consumer report obtained during the application process. The letter advised Plaintiffs that the rejection was completely based on the consumer report. However, FCHR's investigation revealed that Plaintiffs were never informed about the second denial factor being the negative reference from the landlord.

49. SALT SPRING VILLAGES have a policy of conditioning approvals on an applicant's foreclosure or eviction history.

50. SALT SPRING VILLAGES confirms the applicant's foreclosure or eviction history by way of the consumer report, Plaintiffs had no history of foreclosure or eviction.

51. Plaintiffs were in fact ready, willing, and able to rent consistent with the practices and requirements for rent of Defendants.

52. Defendants knowingly discriminated against Plaintiffs based on their protected class by failing to offer the same terms and conditions for renting as those provided to other applicants and offering more favorable terms to similarly situated applicants outside Plaintiffs' protected class.

53. Defendants were aware of Plaintiffs' protected class as stated earlier

through the photo identification submitted with their rental application and personal interactions with Plaintiffs upon their visit to the leasing office.

54. FCHR's investigation revealed that Plaintiffs were denied residency due to a combined credit score of 598.5 below the 620 threshold. However, a Caucasian applicant was approved despite having a lower credit score of 592.

55. Additionally, Defendants inconsistently used credit reporting agencies, obtaining scores from different agencies for the Caucasian applicant to facilitate their approval, while failing to provide a rationale for this inconsistency.

56. In FCHR's investigation they were provided records from Defendant showing all the applicants in 2021. With the exclusion of Plaintiffs, all of the applicants of 2021 were identified as Caucasian. Plaintiffs were the only applicants denied residency that year. A resident interviewed corroborated the absence of African-American or Black residents in the community since at least 2018. These facts establish that Defendants knowingly and willfully applied inconsistent and discriminatory evaluation criteria, denying Plaintiffs equal rental terms and conditions afforded to other applicants.

57. Defendants' action show a knowing and willful refusal to rent or sell on the basis of Plaintiffs' protected class. As a direct result of Defendants' discriminatory practices, the Plaintiffs were denied equal housing opportunities,

causing them harm, including but not limited to emotional distress, financial hardship and loss of housing opportunities.

58. Accordingly, Defendants unlawfully and intentionally discriminated against Plaintiffs on the basis of their race when they refused to rent their property to them, in violation of the Fair Housing Act, 42 U.S.C. § 3604(b).

59. The Fair Housing Act provides a remedy and relief for persons who have suffered discrimination under the Act. in 42 U.S.C.A. § 3613(c)(1). The Plaintiffs are members of a protected class under the Fair Housing Act, 42 U.S.C.A. § 3604(b), which prohibits discrimination on the basis of race in housing.

60. As a direct and proximate result of Defendants' refusal to rent to Plaintiffs, their actions caused irreparable harm, including but not limited to: deprivation of equal housing opportunities, financial hardship due to the loss of viable rental option, emotional distress, and humiliation from being subjected to discriminatory treatment based on their race. Defendants knowingly and intentionally applied inconsistent rental criteria, approving white applicants with lower qualifications while denying Plaintiffs' application under pretextual reasoning. Defendants' discriminatory conduct was willful and carried out with full knowledge that their actions violated federal and state fair housing laws.

Defendants' refusal to rent based on race, coupled with their failure to provide a consistent and transparent rental process, constitutes a violation of 42 U.S.C. §3604(b).

## COUNT II
## REFUSAL TO SEEL OR RENT/OTHERWISE DENY OR MAKE HOUSING UNAVAILABLE
### *Fla. Stat. §760.23(2)*

61. Paragraph 1 through 43 are incorporated herein as if fully set forth.

62. Defendants had actual knowledge of Plaintiffs' racial background. Plaintiffs submitted their application on July 13, 2021 accompanied by photocopies of each applicant's photo ID. Plaintiffs provided their photo identification as part of their rental application, and Defendants personally interacted with them on multiple occassions

63. According to the investigation conducted by FCHR, Defendants did not consistently apply the same requirements to other applicants.

64. The investigation found that Defendants inconsistently applied their credit score requirement. Plaintiffs were denied primarily due to an insufficient combined credit score of 598.5 which was below the 620 threshold. However, FCHR found documentation showing that there was another Causacian applicant who was approved in April 2021 despite having a lower credit score of

592.

65. The investigation from FCHR confirmed that Defendants refused to rent to Plaintiffs. A denial letter dated July 15, 2021 informed Plaintiffs that their application for a land lease agreement had been declined. The decision according to Defendant was influenced by the consumer report obtained during the application process. The letter advised Plaintiffs that the rejection was completely based on the consumer report. However, FCHR's investigation further revealed that Plaintiffs were never informed about the second denial factor being the negative reference from the landlord.

66. SALT SPRING VILLAGES have a policy of conditioning approvals on an applicant's foreclosure or eviction history.

67. SALT SPRING VILLAGES confirms the applicant's foreclosure or eviction history by way of the consumer report, Plaintiffs had no history of foreclosure or eviction.

68. Plaintiffs were in fact ready, willing, and able to rent consistent with the practices and requirements for rent of Defendants.

69. Defendants knowingly discriminated against Plaintiffs based on their protected class by failing to offer the same terms and conditions for renting as those provided to other applicants and offering more favorable terms to similarly

situated applicants outside Plaintiffs' protected class.

70. Defendants were aware of Plaintiffs' protected class as stated earlier through the photo identification submitted with their rental application and personal interactions with Plaintiffs upon their visit to the leasing office.

71. FCHR's investigation revealed that Plaintiffs were denied residency due to a combined credit score of 598.5 below the 620 threshold. However, a Caucasian applicant was approved despite having a lower credit score of 592.

72. Additionally, Defendants inconsistently used credit reporting agencies, obtaining scores from different agencies for the Caucasian applicant to facilitate their approval, while failing to provide a rationale for this inconsistency.

73. In FCHR's investigation they were provided records from Defendant showing all the applicants in 2021. With the exclusion of Plaintiffs, all of the applicants of 2021 were identified as Caucasian. Plaintiffs were the only applicants denied residency in 2021. A resident interviewed corroborated the absence of African American or Black residents in the community since at least 2018. These facts establish that Defendants knowingly and willfully applied inconsistent and discriminatory evaluation criteria, denying Plaintiffs equal rental terms and conditions afforded to other applicants.

74. Defendants' action show a knowing and willful refusal to rent or sell

on the basis of Plaintiffs' protected class. As a direct result of Defendants' discriminatory practices, Plaintiffs were denied equal housing opportunities, causing them harm, including but not limited to emotional distress, financial hardship and loss of housing opportunities.

75. Accordingly, Defendants unlawfully and intentionally discriminated against Plaintiffs on the basis of their race when they refused to rent their property to them, in violation of the Florida Fair Housing Act, Fla. Stat. §760.23(2)

76. The Florida Fair Housing Act provides a remedy and relief for persons who have suffered discrimination under the Act. in Fla. Stat. §760.35(1). Plaintiffs are members of a protected class under the Florida Fair Housing Act, Fla. Stat. §760.23(2), which prohibits discrimination on the basis of race in housing.

77. As a direct and proximate result of Defendants' refusal to rent to Plaintiffs, their actions caused irreparable harm, including but not limited to: deprivation of equal housing opportunities, financial hardship due to the loss of viable rental option, emotional distress, and humiliation from being subjected to discriminatory treatment based on their race. Defendants knowingly and intentionally applied inconsistent rental criteria, approving white applicants with

lower qualifications while denying Plaintiffs' application under pretextual reasoning. Defendants' discriminatory conduct was willful and carried out with full knowledge that their actions violated federal and state fair housing laws. Defendants' refusal to rent based on race, coupled with their failure to provide a consistent and transparent rental process, constitutes a violation of Fla. Stat. §760.23(2)

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court:

A.   Assume jurisdiction;

B.   Adjudge and declare that the actions of Defendants and their agents, officials, and employees violated Plaintiffs' rights under the Fair Housing Act.;

C.   Permanently enjoin Defendants, their agents, officials, employees, and all persons acting in concert with them from continuing the unlawful acts described in this Complaint;

D.   Award all damages permitted by law against Defendants, including declaratory relief, compensatory and punitive damages;

E.   Retain jurisdiction over Defendants until such time as the Court is satisfied that the unlawful acts complained of herein no longer exist and will not recur; and

    F.    Award Plaintiffs, pursuant to 42 U.S.C. § 1988, the costs of this suit and reasonable attorneys' fees and litigation expenses; and

    G.    Grant such other such relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury for all counts alleged above.

Dated: March 31, 2025        Respectfully submitted,

By:   /s/ Joseph E. Cordova
Joseph E. Cordova
Florida Bar No. 1011275
Florida Legal Services
PO Box 533986
Orlando, FL 32853
Phone: (407) 801-4224 (direct)
Facsimile: (407) 505-7327
E-Mail: joseph.cordova@floridalegal.org

By:   /s/ Pablo Hereter
Pablo Hereter
Florida Bar No. 1054509
Florida Legal Services
PO Box 533986
Orlando, FL 32853
Phone (407) 801-4253 (direct)
Facsimile (407) 505-7327
E-Mail: pablo.hereter@flordidalegal.org

**Attorneys for Plaintiff**