# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA, OCALA DIVISION

GERALD HAMILTON, and
ELIZABETH HAMILTON,

    Plaintiffs,

v.

MEB REAL ESTATE
MANAGEMENT, INC.,
SALT SPRINGS VILLAGE LLC,
ROGER ST. MARTIN, and CAROL
ST. MARTIN,

    Defendants.

_____

CASE NO: 5:25 cv 212 ACC PRL

## ANSWER AND AFFIRMATIVE DEFENSES

### PRELIMINARY STATEMENT

1. Without knowledge concerning Plaintiffs' intent; otherwise denied.

2. Denied.

3. Denied.

4. The report speaks for itself and is disputed; otherwise denied.

5. Without knowledge.

### JURISDICTION

6. Admitted.

7. Admitted.

### VENUE

8. Admitted.

## PARTIES

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

## STATUTORY AND REGULATORY FRAMEWORK

19. ¶ 19 is an allegation of law to which no response is required, otherwise denied that it is a complete statement.

20. ¶ 20 is an allegation of law to which no response is required, otherwise denied that it is a complete statement.

21. Admitted.

22. Admitted.

23. Without knowledge.

24. Denied.

25. There is no number 25.

26. Denied.

27. Without knowledge.

28. Admitted that Plaintiffs were denied, in part, by their credit score.

29. Admitted that Plaintiffs were denied, in part, based upon credit; otherwise denied.

30. Denied.

31. Admitted.

32. ¶ 32 is an allegation of law to which no response is required, otherwise denied that it is a complete statement.

33. The determination speaks for itself and is dispute; otherwise denied.

34. The determination speaks for itself and is disputed; otherwise denied.

35. The determination speaks for itself and is disputed; otherwise denied.

36. The determination speaks for itself and is disputed; otherwise denied.

37. Denied.

38. Denied.

39. Denied.

40. The determination speaks for itself and is dispute; otherwise denied.

41. Denied. Without knowledge concerning Plaintiffs "history".

42. The determination speaks for itself and is disputed; otherwise denied.

43. Without knowledge.

## CLAIM FOR RELEIF

### COUNT I
### REFUSAL TO SELL OR RENT/OTHERWISE DENY OR MAKE HOUSE UNAVAILABLE 42 U.S.C. § 3604(b)

44. Paragraphs 1 through 43 are incorporated herein as if fully set forth.

45. Admitted.

46. Denied.

47. The determination speaks for itself and is disputed; otherwise denied.

48. The determination speaks for itself and is disputed; otherwise denied.

49. Denied.

50. Denied. Without knowledge of Plaintiffs history.

51. Without knowledge.

52. Denied.

53. Admitted.

54. The determination speaks for itself and is dispute; otherwise denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. ¶ 59 is an allegation of law to which no response is required, otherwise denied that it is a complete statement.

60. Denied.

## COUNT II
## REFUSAL TO SEEL OR RENT/OTHERWISE DENY OR MAKE HOUSING UNAVAILABLE FLA. STAT. $ 760.23(2)

61. Paragraph 1 through 43 are incorporated herein as if fully set forth.

62. Admitted.

63. The determination speaks for itself and is dispute; otherwise denied.

64. The determination speaks for itself and is dispute; otherwise denied.

65. The determination speaks for itself and is dispute; otherwise denied.

66. Denied.

67. Denied. Without knowledge of Plaintiffs history.

68. Without knowledge.

69. Denied.

70. Admitted.

71. The determination speaks for itself and is dispute; otherwise denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. ¶ 19 is an allegation of law to which no response is required, otherwise denied that it is a complete statement.

77. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants had a legitimate non-discriminatory interest in assuring minimal credit scores for applicants.

### SECOND AFFIRMATIVE DEFENSE

Defendants were entitled to consider past landlord/tenant histories in determining whether to admit a housing applicant of any racial class. Plaintiff's status as Black/African American applicants does not foreclose that right. Such an inquiry is reasonably intended and administered to achieve a legitimate business purpose.

### THIRD AFFIRMATIVE DEFENSE

The Florida Mobile Home Act, Chapter 723, Florida Statute expressly permits mobile home parks owners and operators to qualify applicants for admission. See § 723.059(1) *Fla. Stat*. Such right protests the legitimate business of the park owner/operator. Defendants utilized these qualification rights in a non-discriminatory fashion.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims in whole or part are barred by the applicable statute of limitations.

**FIFTH AFFIRMATIVE DEFENSE.**

Defendants would have taken the same action regardless of the race of the applicant and such actions were not influenced by discriminatory intent.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to exhaust the administrative remedies.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants' actions did not result in a significant discriminatory effect.

**EIGHTH AFFIRMATIVE DEFENSE**

Minimum credit scores for housing applicants are commonly used on non-discriminatory basis as here and were not influenced by discriminatory intent.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for punitive damages are barred because all decisions regarding Plaintiffs were made in good faith for legitimate business reasons and were not in any manner willful or malicious.

**LUTZ, BOBO &** *TELFAIR PA*

*/s/ J. Allen Bobo*

*J. Allen Bobo, Esq.*
Florida Bar No:   0356980
*J. Matthew Bobo, Esq*.
Florida Bar No: 113526
*Daniel C. Guarnieri, Esq*.
Florida Bar No: 914401
2 North Tamiami Trail, Suite 500
Sarasota, Florida 34236
T:   941-951-1800
F:   941-366-1603
jabobo@lutzbobo.com
mbobo@lutzbobo.com
dguarnieri@lutzbobo.com
ahodgins@lutzbobo.com
bconrad@lutzbobo.com
*Attorneys for Defendants*

6

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon Pablo Hereter, Esq., Florida Legal Services, P.O. Box 533986, Orlando, Florida 32853; pablo.hereter@floridalegal.org via the Middle District Clerk of the Court CM/ECF e-portal on this 3rd day of June, 2025.

/s/ J. Allen Bobo
_____
J. Allen Bobo, Esq.